IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DEBORAH L. THORNE**, not individually but as **COURT-APPOINTED RECEIVER OF ALPHAMETRIX, LLC AND ALPHAMETRIX GROUP, LLC**, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 14 C 2472 |
| **ALEKS A. KINS**, **CHARLEY PENNA**, **DAVID YOUNG**, **GEOFF MARCUS** and **GEORGE BROWN**, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Though considerably more rare than the frequent shortstop-to-second-to-first double play, a sharply hit grounder to a first baseman with a man on first sometimes leads to a first-to-second-to-first twin killing (instead of the fabled Tinker-to-Evers-to-Chance combination in Chicago Cubs lore, that would be the far less common Chance-to-Evers-to-Chance combination). This action's recent history fits the last format, because the computer-driven random reassignment attendant on the accession of this Court's newest colleague Honorable Manish Shah had reassigned the case to his calendar, but his need to recuse himself recently redelivered the lawsuit to this Court.

With each of the five original defendants initially having filed a motion for his dismissal from the case, plaintiff Deborah Thorne (suing in her capacity as a court-appointed receiver) has just filed an Amended Complaint that dropped one of those defendants (David Young) from the lawsuit. That being the case, each of the four remaining defendants is ordered to submit a filing on or before August 8, 2014 that stakes out his position as to that Amended Complaint -- whether simply renewing his existing motion, or incorporating portions of that original motion while

adding matters that relate to the Amended Complaint though not to the original Complaint, or even filing an answer rather than a motion to dismiss. This Court will then determine what further submissions may be called for from any of the litigants, a determination that may or may not be made before the previously-set status hearing date referred to in the last paragraph of this memorandum order.

Before this Court turns to that subject, however, it would be remiss if it failed to comment that too much of what has been said in the original motions to dismiss and supporting memoranda seems to smack of a fact-pleading rather than a notice-pleading approach to the litigation, advancing positions that in part are more like those suitable to state law practice (where "cause of action" is the operative term) rather than to the federal concept of "claim for relief." As always, counsel on both sides of the "v." sign would do well to be more attentive to the teaching of such cases as NAACP v. Am. Family Mut. Ins. Co., 978 F.2d 287, 292 (7th Cir. 1992).[1]

Counsel for all parties are reminded that this Court's original scheduling of a status hearing for 9 a.m. August 27, 2014, which was set before the aborted reassignment to Judge Shah's calendar, remains applicable. As indicated earlier, this Court may or may not find it possible to determine whether defendants' additional filings ordered here appear to call for any further submissions before that date.

                                                         _/s/ Milton I. Shadur_
                                                         Milton I. Shadur
Date: July 23, 2014                          Senior United States District Judge

---

[1] Although Judge Easterbrook dealt there with the tendency of plaintiffs' lawyers to err in that respect, the system is no better served when lawyers on the defense side do so.