**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **DEBORAH L. THORNE**, not individually but as **COURT-APPOINTED RECEIVER OF ALPHAMETRIX, LLC AND ALPHAMETRIX GROUP, LLC**, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 14 C 2472<br>) |
| **ALEKS A. KINS**, **CHARLEY PENNA**, **DAVID YOUNG**, **GEOFF MARCUS** and **GEORGE BROWN**, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM ORDER

What, other than perhaps a lack of considered thought, can possess a lawyer who represents more than one defendant in a civil action -- particularly an action of any degree of complexity -- to file a separate answer on behalf of each client? It does not seem to occur to such counsel that, even apart from a failure to consider that any judge who makes it his or her business to review all pleadings when filed is subjected to an extra and unnecessary burden when he or she has to deal (as in this case) with two responsive pleadings of 37 pages each rather than just one, there is also an important adjunct that attaches to filing a single combined responsive pleading.

What the "considered thought" referred to at the beginning of the preceding paragraph would have produced is the recognition that such a combined pleading would bring into sharp focus the extent to which the two clients share common cause and the extent, if any, to which they do not. That kind of information has particular important in the notice pleading regime that governs federal practice. In sum, because of the ease that attaches, in this era of automation,

with which a curative amendment to such pleadings can be generated, the burden will be shifted to counsel for defendants Aleks Kins and Charley Penna to supplant their present Dkt. Nos. 65 and 66, which are hereby stricken, with a single superseding and consolidated responsive pleading on behalf of both clients.

It is quite true that advances in technology have simplified compliance with what has just been ordered. But in an odd way those advances have been counterproductive. In the ancient era in which this Court began the practice of law, any multicopied document required a combination of carbon paper, a celluloid shield to permit the correction of any misstrike without smudging another of the carbon copies, and other impediments. There was no easy way to revise such a document and its multiple copies if that became necessary. So if what has been encountered here had been the product of that era, with a consequent judicial requirement of a do-over because of the defense counsel's lack of anticipatory considered thought, that lawyer might well have been confronted by a secretarial strike.

Milton I. Shadur
Senior United States District Judge

Date: October 17, 2014